IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PRIME ALLIANCE BANK, INC,<br><br>                      Plaintiff,<br><br>v.<br><br>LEASING INNOVATIONS,<br>INCORPORATED,<br><br>                      Defendant. | **MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART [6] DEFENDANT'S MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(3) OR TRANSFER UNDER 28 U.S.C. §1404(a) PURSUANT TO FORUM SELECTION CLAUSE AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Case No. 1:19-cv-00142-DBB<br><br>District Judge David Barlow |

      Defendant Leasing Innovations, Incorporated (Leasing Innovations) moves to dismiss[1] Plaintiff Prime Alliance Bank, Inc.'s (Bank) Amended Complaint[2] under Fed. R. Civ. P. 12(b)(3) due to improper venue or to transfer the case pursuant to 28 U.S.C. §1404(a) (the Motion). Specifically, Leasing Innovations argues that the parties are bound by a forum selection clause contained in a lease servicing agreement that the parties entered into alongside a lease assignment. This lease assignment is the focus of the Bank's claims in the Amended Complaint. In the alternative, Leasing Innovations moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

---

[1] Defendant's Motion to Dismiss under Fed R. Civ. P. 12(B)(3) or Transfer under 28 U.S.C. §1404(A) Pursuant to Forum Selection Clause and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6), ECF No. 6, filed December 11, 2019.

[2] Notice of Removal, Exhibit 2, Amended Complaint, ECF No. 2-2, filed December 9, 2019.

The Bank opposes[3] the Motion and Leasing Innovations has replied in support.[4] Although the Bank has requested oral argument on the Motion,[5] the court has reviewed the complete briefing and has determined that oral argument is unnecessary.

As provided below, because the lease servicing agreement and the lease assignment are interrelated and were executed contemporaneously, the forum selection clause governs. And because the language of the clause is mandatory as to the forum, this court is an improper venue for this case. The Motion is granted in part as to the request to transfer and denied as to the other requested forms of relief.

## BACKGROUND

On or about March 23, 2018, Leasing Innovations signed an equipment lease with Quality Fresh Farms, Inc. ("QFF") providing for the financing of watermelon packaging equipment.[6] In April 2018, the Bank and Leasing Innovations entered into a lease assignment (the "Assignment") in which Leasing Innovations agreed to sell its interest in the QFF equipment lease to the Bank.[7] Within two days of the execution of the Assignment, the Bank and Leasing Innovations also entered into a lease servicing agreement (the "Agreement") through which Leasing Innovations agreed to service the lease for the Bank, including collecting monthly payments from QFF.[8] Both the Assignment and the Agreement were sent by Leasing Innovations to the Bank as part of a set of documents governing the overall transaction between the parties.[9]

---

[3] Memorandum in Opposition to Motion to Dismiss (Opposition), ECF No. 12, filed January 15, 2020.

[4] Defendant's Reply Memorandum in Support of Motion to Dismiss (Reply), ECF No. 18, filed January 29, 2020.

[5] Motion at 3.

[6] *Id.*

[7] Motion, Exhibit A, Limited Recourse Assignment, ECF No. 6-1, filed December 11, 2019.

[8] Motion, Exhibit B, Servicing Agreement, ECF No. 6-2, filed December 11, 2019.

[9] Motion, Exhibit C, Lease Agreement Transmittal Letter, ECF No. 6-3, filed December 11, 2019.

The Agreement contains a provision addressing any prior agreements, stating that the parties' relationship is governed by the terms of the Agreement:

> 17. <u>Prior Agreements</u>: If any provision of this Agreement is inconsistent with any prior agreements between the parties, oral or written, the terms of this Agreement shall prevail, and after the effective date of this Agreement, the relationship and agreement between the Servicer and Assignee shall be governed in accordance with the terms of this Agreement.[10]

The Agreement also contains a forum selection clause:

> **This Agreement shall be governed by and construed in accordance with the laws of the State of Massachusetts**. Any lawsuit filed in connection with this Agreement shall be filed only in a federal court sitting in Suffolk County, MA or a state court located in Suffolk County, Massachusetts, and Assignee hereby consents to the jurisdiction of said courts. This Agreement shall inure to the benefit of and be binding on the parties hereto and their permitted successors and assigns.[11]

On September 15, 2018, QFF failed to make its monthly lease payment.[12] It later filed for bankruptcy.[13] Alleging issues with the assignment, including fraudulent inducement and breach, the Bank filed the original and amended complaints in Utah state court.[14] Leasing Innovation then removed the Bank's complaint to this court.[15]

## DISCUSSION

Given that the forum selection clause at issue here points to another forum within the federal court system, the court's analysis will consider whether it is appropriate to transfer this action under 28 U.S.C. §1404(a) instead of whether to dismiss under Fed. R. Civ. P. 12(b)(3). This is because the United States Supreme Court has explained that:

---

[10] Servicing Agreement at ¶ 17.

[11] *Id.* at ¶ 19 (emphasis in original).

[12] Motion at 4.

[13] *Id.*

[14] Amended Complaint at 1, 3-13.

[15] *See* Notice of Removal, ECF No. 2, filed December 9, 2019.

>Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought. . . . Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of . . . Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a).[16]

Enforcement of a forum selection clause through a motion to transfer to another federal forum is appropriate because "[s]ection 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."[17]

But before considering the matter of potential transfer, the court must first determine whether the forum selection clause in the Agreement should be applied to the Bank's Amended Complaint, which is primarily based on the Assignment. As this court has previously acknowledged:

>To determine whether the forum-selection clause applies, the court must first analyze the parties' contracts under Utah law. This approach complies with the well-established principle that a federal court sitting in diversity must apply the choice-of-law rules of the forum in which it sits.[18]

In Utah, agreements that are "executed substantially contemporaneously and are clearly interrelated . . . must be construed as a whole and harmonized, if possible."[19] "Considering two contemporaneous contracts together is a rule of construction designed to give effect to the intent of the parties, and the provisions of one instrument are not thereby imported bodily into another."[20] This means that "the court does not mechanically apply each individual provision to

---

[16] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55, 59 (2013).

[17] *Id.* at 59.

[18] *Marwell Corp. v. Marwell Corp*., 2015 WL 4393289, at *2 (D. Utah July 14, 2015) (citing *Boyd Rosene & Associates, Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir.1997)).

[19] *Atlas Corp. v. Clovis Nat. Bank*, 737 P.2d 225, 229 (Utah 1987); *see also, e.g.*, *Winegar v. Froerer Corp*., 813 P.2d 104, 109 (Utah 1991); *HCA Health Servs. of Utah, Inc. v. St. Mark's Charities*, 846 P.2d 476, 484 (Utah Ct. App. 1993).

[20] *Marwell*, 2015 WL 4393289 at *3 (internal quotation omitted).

every other contemporaneous agreement. Rather, the court looks to the interrelated agreements to determine the parties' intent."[21]

The record is clear that the Agreement and the Assignment are interrelated. In fact, they may be fairly described as component parts of a broader transaction. First, the express terms of the Agreement anticipate that the Assignment either already has been entered into or will be executed on the same date as the Agreement.[22] Second, the Bank's agreement to enter into the Assignment expressly serves as the consideration for Leasing Innovations' acceptance of the Agreement.[23] Finally, both the Agreement and the Assignment were transmitted to the Bank by Leasing Innovations, together with other documents, under the same cover letter referencing a single transaction.[24] In short, the Agreement and the Assignment are, at a minimum, "clearly interrelated," if not inextricably intertwined.[25]

The Agreement and the Assignment also were executed at almost exactly the same time. The Agreement is dated April 18, 2018, while the Assignment is dated April 20, 2018.[26] The Bank does not dispute that execution of the Agreement and the Assignment occurred within two days of each other or argue that their execution was not temporally proximate. Accordingly, the court finds that the documents were executed "substantially contemporaneously."

---

[21] *Id.*

[22] Servicing Agreement at ¶ 1.

[23] *Id.* at ¶ 2.

[24] Lease Agreement Transmittal Letter at 1.

[25] The Bank fails to grapple with Utah case law that requires this court to analyze whether the contracts are interrelated. Instead, the Bank simply asserts that the jurisdiction provision in the Agreement is specific, limited to the Agreement, and thus, under general principles of Massachusetts contract law, unambiguous and not subject to anything other than a plain language interpretation of the Agreement and enforcement of its express terms. Opposition at 7. The Bank has also failed to cite any other comparable Utah or federal court cases where a court declined to apply a venue provision contained in a related agreement that was part of the same transaction.

[26] Servicing Agreement at 1; Limited Recourse Assignment at 1.

Because the Agreement and the Assignment are clearly interrelated and were executed contemporaneously, Utah law requires that the two documents "must be construed as a whole and harmonized, if possible."[27] This is readily done. The forum selection clause of the Agreement states: "Any lawsuit filed in connection with this Agreement shall be filed only in a federal court sitting in Suffolk County, MA or a state court located in Suffolk County, Massachusetts, and Assignee hereby consents to the jurisdiction of said courts."[28] The Agreement further states in Section 17: "If any provision of this Agreement is inconsistent with any prior agreements between the parties, oral or written, the terms of this Agreement shall prevail, and after the effective date of this Agreement, the relationship and agreement between the Servicer and Assignee shall be governed in accordance with the terms of this Agreement."[29] By contrast, the Assignment contains no forum selection clause and does not purport to govern other agreements.[30] The documents are not in conflict. And the text of the Agreement makes the parties' intent sufficiently plain: After the effective date of the Agreement (April 18, 2018), the Bank and Leasing Innovations may only bring lawsuits regarding their QFF transaction in federal or state court in Suffolk County, Massachusetts.

The Bank attempts to avoid the application of the forum-selection clause by narrowly focusing on only some of the language contained in the Agreement—while ignoring other language in that document—and the context in which both documents were executed. For example, the Bank argues that Section 17 of the Agreement, which is quoted in the paragraph

---

[27] *Atlas Corp. v. Clovis Nat. Bank*, 737 P.2d 225, 229 (Utah 1987); *see also, e.g.*, *Winegar v. Froerer Corp.*, 813 P.2d 104, 109 (Utah 1991); *HCA Health Servs. of Utah, Inc. v. St. Mark's Charities*, 846 P.2d 476, 484 (Utah Ct. App. 1993).

[28] *Id.* at ¶ 19 (emphasis in original).

[29] Servicing Agreement at ¶ 17.

[30] *See* Limited Recourse Assignment at 1.

above, means that the parties intended the Agreement's terms to apply generally only during the two-day time period between the effective date of the Agreement (April 18, 2018) and the Assignment (April 20, 2018) and that thereafter, the Agreement was intended only to govern the specific relationship between the parties in their roles as Servicer and Assignee under the Agreement, rather than in their other roles as outlined in the Assignment and other documents.[31] Indeed, the Bank asserts that the Assignment "was specifically carved-out of the jurisdiction clause" of the Agreement because the Assignment conveys to Plaintiff its ownership in a portion of the Lease, and it would not have agreed to having its ownership rights to the equipment controlled by Massachusetts law or in Massachusetts court.[32] None of these assertions or negotiating positions are supported by allegations in the Amended Complaint or other evidence in the record. This court need not accept allegations of new or different facts in a party's briefing.

Similarly, the Bank focuses narrowly on the terms "This Agreement" and "with this Agreement" in Section 19 of the Agreement:

> *This Agreement* shall be governed by and construed in accordance with the laws of the State of Massachusetts. Any lawsuit filed in connection *with this Agreement* shall be filed only in a federal court sitting in Suffolk county, MA or a state court located in Suffolk County, Massachusetts.

Plaintiff argues that the meaning of this section is that it only applies to lawsuits filed in connection with the Agreement, while here, Plaintiff's claims are specific to the Assignment and do not involve the Agreement. Even if the court were not required to harmonize the contracts under Utah law, this argument would fail because Plaintiff's third cause of action for declaratory

---

[31] Opposition at 8.

[32] Opposition at 10.

relief concerns issues and seeks relief related to Defendants' servicing obligations, and thus does involve the Agreement.[33]

Having determined that the forum selection clause is applicable, the court also finds that its terms are mandatory. The Tenth Circuit instructs that a forum selection clause is mandatory if it contains "clear language showing that jurisdiction is appropriate only in the designated forum."[34] Here, the forum selection clause is clear that disputes between the Bank and Leasing Innovation "shall be filed only" in a state or federal court in Suffolk County, Massachusetts.[35]

"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" when considering whether to transfer a case to another federal court under 1404(a).[36] "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[37] "Ordinarily the . . . court [should] weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote "the interest of justice." § 1404(a)."[38] But in instances applying an enforceable forum-selection clause, the § 1404(a) analysis is adjusted in three ways: (1) the court may accord no weight to the plaintiff's chosen forum; (2) the court should not consider arguments about the parties' private interests; and (3) if venue is transferred, the

---

[33] Am. Compl. at ¶¶ 106, 110 (seeking "an accounting of all monies paid to Leasing Innovations, as well as payments owed to [the Bank]" and "the uses and disposition of Prime Alliance's funds.").

[34] *Excell, Inc. v. Sterling Boiler & Mechanical, Inc*., 106 F.3d 318, 321 (10th Cir. 1997)

[35] Servicing Agreement at ¶ 19.

[36] *Atl. Marine Const. Co.*, 571 U.S. 49 at 63 *(quoting Stewart Organization, Inc. v. Ricoh Corp*., 487 U.S. 22, 33 (1988)).

[37] *Id.*

[38] *Id.*

original venue's choice of law rules will not apply.[39] This is because there is a strong presumption that the parties should litigate the matter in the forum selected in their contract.[40]

The only factors that can be considered in determining whether to enforce the language of the forum selection clause include "the administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and the "interest in having the trial of a diversity case in a forum that is at home with the law."[41] Here the Bank addresses none of these factors, and the court is unaware of any evidence regarding them that would undermine the "strong presumption" of enforcing the parties' forum selection clause. In short, the Bank makes no argument of any kind that this is a "most exceptional case[]"[42] with "extraordinary circumstances."[43] Transfer to the District of Massachusetts—Boston Division (the federal court sitting in Suffolk County, Massachusetts) is therefore appropriate under 1404(a). The Motion is granted as to the requested transfer.

---

[39] *Marwell*, 2015 WL 4393289 at *4 (citing *Atl. Marine Const. Co.*, 571 U.S. 49 at 63).

[40] *Id.*

[41] *Id.*

[42] *See Atl. Marine Const. Co.*, 571 U.S. 49 at 63 *(quoting Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

[43] *Id.*

## ORDER

IT IS HEREBY ORDERED that the Motion[44] is GRANTED IN PART as to transfer under 1404(a). This case is transferred to the District of Massachusetts—Boston Division. IT IS FURTHER ORDERED the Motion is DENIED IN PART as to the request for dismissal under 12(b)(3) or 12(b)(6).

Signed November 19, 2020.

BY THE COURT

_____.
David Barlow
United States District Judge

---

[44] Defendant's Motion to Dismiss under Fed R. Civ. P. 12(B)(3) or Transfer under 28 U.S.C. §1404(A) Pursuant to Forum Selection Clause and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6), ECF No. 6, filed December 11, 2019.